IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

SCOTT OSBORNE, )
 )
    Plaintiff, )
 )
v. ) Case No. 20 – L – 664
 )
PHYSICIANS IMMEDIATE CARE LLC )
 )
    Defendants. )

## SUMMONS

**TO EACH DEFENDANT:**   Physicians Immediate Care, LLC, Scott Allan Calkins, Agent, 2902 McFarland Rd, Ste 400, Rockford, IL 61107

**YOU ARE HEREBY SUMMONED** and required to file an answer in this case or otherwise file your appearance, in the Office of the Circuit Court Clerk, 14 W. Jefferson Street, Joliet, IL 60432, within 30 days after service of this summons, not counting the day of service. E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp, or talk with your local circuit clerk's office. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

**TO THE OFFICER:**   Rockford Detective & Security Agency, 631 N. Longwood St #102, Rockford, IL 61107

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any immediately after service. If service cannot be made, summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Witness  09/18/2020

*Andrea Lynn Chasteen*
*Clerk of Court*
*(Seal of Court)*

Attorney Travis Dunn: ARDC # 6319131
LAW OFFICES OF PETER F. FERRACUTI, P.C.
Attorney for: Plaintiff
110 East Main St, Ottawa, IL 61350
Phone: 815/434-3535; Fax: 815/434-4513

Date of Service  9-23-20
(To be inserted by the Officer)


EXHIBIT A

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
20L664
Filed Date: 8/25/2020 2:42 PM
Envelope: 10224025
Clerk: JH

# IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
# WILL COUNTY, ILLINOIS

| | |
|---|---|
| SCOTT OSBORNE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 20 – L – **20L664** |
| PHYSICIANS IMMEDIATE CARE LLC | ) ) ) |
| Defendants. | ) |

## COMPLAINT AT LAW

**NOW COMES** the Plaintiff, SCOTT OSBORNE ("Plaintiff"), by and through his attorneys, THE LAW OFFICES OF PETER F. FERRACUTI, P.C., and for his Complaint against the Defendant, PHYSICIANS IMMEDIATE CARE LLC ("Defendant"), states and alleges as follows:

### PARTIES

2. Plaintiff is, and was at all times relevant hereto, a resident of the city of Earlville, Illinois.

3. Defendant is a duly organized limited liability corporation organized in the State of Delaware and existing within Illinois and conducting business at 13641 S. Route 59, Plainfield, IL 60544.

### VENUE

4. Venue is proper within this Judicial Circuit because all of the actions and events that have given rise to the controversy occurred in Will County, Illinois. 735 ILCS 5/2-101.

### VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

**Initial case management set for** __12/14/2020__ **at:** __9:00__ **a.m.**

5. Plaintiff was employed by the Defendant from 2018 to September 2018.

6. At all times relevant to this Complaint, Defendant was a covered employer under the Family And Medical Leave Act ("FMLA") because it employed fifty or more employees for each working day during each of the twenty or more calendar workweeks in the current or preceding calendar year. 29 U.S.C. sec. 2611(4).

6. At all times relevant Plaintiff was covered under the FMLA as an employee with employed by Defendant for at least twelve months, and who had performed at least 1,250 hours of service during the previous twelve-month period. 29 U.S.C. sec. 2611(2).

8. On or about January 10, 2017 the Plaintiff submitted paperwork requesting intermittent leave under FMLA in connection with the medical condition of his wife, KIMBERLY MARIE OSBORNE. (See attached Exhibit A).

9. The abovementioned FMLA paperwork also noted that the Plaintiff was suffering from "Anxiety, Depression, and possible PTSD" connected to the events of his wife's health condition.

7. On or about March 5, 2018 the Plaintiff submitted paperwork requesting intermittent leave under FMLA in connection with the medical condition of his son, Nicolas W. Osborne. (See attached Exhibit B).

9. Beginning in approximately December 2017, the Plaintiff took a number of leaves of absence in accordance with the aforementioned certified FMLA leave.

10. On June 23, 2018, Plaintiff suffered a heart attack.

11. On June 25, 2018, Plaintiff spoke with AKASH RANA, employee and agent of the Defendant, about his heart attack and the potential need to take time off for doctor's appointments.

12. During the conversation on June 25, 2018, AKASH RANA informed the Plaintiff that the Defendant did not require the Plaintiff to file further FMLA paperwork, given that he already had FMLA certified leave for his wife and son.

11. On August 6, 2018 Plaintiff was written up for his absences connected to the FMLA qualifying leave of his own health condition, as well as the health conditions of his wife and son.

11. Plaintiff was discharged by the defendant from his employment as a direct result of these absences, in September of 2018.

12. Under the FMLA, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. sec. 2615(a).

13. The FMLA's "prohibition against 'interference' prohibits an employer from discriminating or retaliating against an employee ... for having exercised or attempted to exercise FMLA rights...." 29 U.S.C. sec. 825.220(c).

13. "Employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions." *Id.*

14. Employers who violate the FMLA "may be liable for compensation and benefits lost reason of the violation, for other actual monetary losses sustained as a direct result of the

violation, and for appropriate equitable or other relief, including employment, reinstatement, promotion, or any other relief tailored to the harm suffered." 29 U.S.C. sec. 825.220(b); sec. 825.220 (c); 29 U.S.C. sec. 2617.

15. Plaintiff has suffered substantial damages as the result of Defendants' unlawful actions, including the loss of his job, damage to his reputation, substantial economic loss, severe emotional distress, and other physical and mental injuries. Such damages will be proven at trial according to the proofs but, in any event, currently exceed fifty thousand dollars.

16. Plaintiff is entitled to compensatory damages proximately caused by Defendant's actions.

**WHEREFORE**, Plaintiff, SCOTT OSBORNE, respectfully prays that he may have judgment against the Defendant, PHYSICIANS IMMEDIATE CARE LLC, in an amount in excess of the jurisdictional limits of this Court, and other such relief as the jury and this Court shall deem appropriate, and additionally, costs of this action.

Respectfully submitted,

SCOTT OSBORNE, Plaintiff
BY: LAW OFFICES OF PETER F. FERRACUTI, P.C.

By: __/s/ Travis Dunn__
Travis Dunn, Attorney for Plaintiff

Travis Dunn
Attorney Number: 6319131

Law Offices of Peter F. Ferracuti
110 E. Main St., Ottawa, IL 61350
P (815) 434-3535
F (815) 434-2796
tdunn@peterferracuti.com

## AFFIDAVIT

Under penalties as provided by law pursuant to Illinois Supreme Court Rule 222, the undersigned certifies that at the time of this filing the amount of damages claimed is in excess of $50,000 to the best of his knowledge and belief.

/s/ Travis Dunn
Travis Dunn, Attorney

Printed on 6/17/2020 1:57:15 PM



Page 1 of 4

Osborne, Scott E    Scan on 1/10/2018 of FMLA Paperwork

**Certification of Health Care Provider for Family Member's Serious Health Condition (Family and Medical Leave Act)**

**U.S. Department of Labor**
Wage and Hour Division



DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT

OMB Control Number: 1235-0003
Expires: 5/31/2018

### SECTION I: For Completion by the EMPLOYER

**INSTRUCTIONS to the EMPLOYER:** The Family and Medical Leave Act (FMLA) provides that an employer may require an employee seeking FMLA protections because of a need for leave to care for a covered family member with a serious health condition to submit a medical certification issued by the health care provider of the covered family member. Please complete Section I before giving this form to your employee. Your response is voluntary. While you are not required to use this form, you may not ask the employee to provide more information than allowed under the FMLA regulations, 29 C.F.R. §§ 825.306-825.308. Employers must generally maintain records and documents relating to medical certifications, recertifications, or medical histories of employees' family members, created for FMLA purposes as confidential medical records in separate files/records from the usual personnel files and in accordance with 29 C.F.R. § 1630.14(c)(1), if the Americans with Disabilities Act applies, and in accordance with 29 C.F.R. § 1635.9, if the Genetic Information Nondiscrimination Act applies.

Employer name and contact: _Physicians Immediate Care_

### SECTION II: For Completion by the EMPLOYEE

**INSTRUCTIONS to the EMPLOYEE:** Please complete Section II before giving this form to your family member or his/her medical provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave to care for a covered family member with a serious health condition. If requested by your employer, your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. §§ 2613, 2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request. 29 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form to your employer. 29 C.F.R. § 825.305.

Your name: _Scott_   _Ellis_   _Osborne_
            First    Middle    Last

Name of family member for whom you will provide care: _Kimberly_   _Marie_   _Osborne_
                                                       First       Middle   Last

Relationship of family member to you: _Wife_

If family member is your son or daughter, date of birth: _____

Describe care you will provide to your family member and estimate leave needed to provide care:
_post-op care due to medication reaction, and care of chronic LB Radius Sx._

Employee Signature _____   Date _12/25/17_

Page 1                CONTINUED ON NEXT PAGE                Form WH-380-F Revised May 2015

### SECTION III: For Completion by the HEALTH CARE PROVIDER

**INSTRUCTIONS to the HEALTH CARE PROVIDER:** The employee listed above has requested leave under the FMLA to care for your patient. Answer, fully and completely, all applicable parts below. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the patient needs leave. Do not provide information about genetic tests, as defined in 29 C.F.R. § 1635.3(f), or genetic services, as defined in 29 C.F.R. § 1635.3(e). Page 3 provides space for additional information, should you need it. Please be sure to sign the form on the last page.

Provider's name and business address: _Scott Davis   224 E Railroad St    Sandwich IL 60548_

Type of practice / Medical specialty: _Family_

Telephone: (_815_) _786-7150_         Fax: (_815_) _786-7153_

### PART A: MEDICAL FACTS

1. Approximate date condition commenced: _Dec 22nd, 2017_

   Probable duration of condition: _Jan 10, 2018_

   Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
   _✓_ No ___ Yes. If so, dates of admission: _____

   Date(s) you treated the patient for condition: _1/4/18_

   Was medication, other than over-the-counter medication, prescribed? ___ No _✓_ Yes.

   Will the patient need to have treatment visits at least twice per year due to the condition? ___ No _✓_ Yes

   Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)?
   _✓_ No ___ Yes. If so, state the nature of such treatments and expected duration of treatment:

   _____

2. Is the medical condition pregnancy? _✓_ No ___ Yes. If so, expected delivery date: _____

3. Describe other relevant medical facts, if any, related to the condition for which the patient needs care (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

   _Pt suffering from anxiety, Depression. Possible PTSD from witnessing_
   _wife unconscious and having to perform CPR on her_

Printed on 6/17/2020 1:57:15 PM

Page 3 of 4

Osborne, Scott E    Scan on 1/10/2018 of FMLA Paperwork

**PART B: AMOUNT OF CARE NEEDED:** When answering these questions, keep in mind that your patient's need for care by the employee seeking leave may include assistance with basic medical, hygienic, nutritional, safety or transportation needs, or the provision of physical or psychological care:

4. Will the patient be incapacitated for a single continuous period of time, including any time for treatment and recovery? ___ No ✓ Yes.

   Estimate the beginning and ending dates for the period of incapacity: 12/23/17 - 1/10/18

   During this time, will the patient need care? ___ No ✓ Yes.

   Explain the care needed by the patient and why such care is medically necessary:

   Pt was seen in office for anxiety, and panic attacks. Treated c medications, has been taking care of wife, monitoring her and medications.

5. Will the patient require follow-up treatments, including any time for recovery? ___ No ✓ Yes.

   Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

   Q 2-6 months.

   Explain the care needed by the patient, and why such care is medically necessary: medication monitoring.

6. Will the patient require care on an intermittent or reduced schedule basis, including any time for recovery? ✓ No ___ Yes.

   Estimate the hours the patient needs care on an intermittent basis, if any:

   _____ hour(s) per day; _____ days per week    from _____ through _____

   Explain the care needed by the patient, and why such care is medically necessary:

Page 3                    CONTINUED ON NEXT PAGE                    Form WH-380-F Revised May 2015

Osborne, Scott E    Scan on 1/10/2018 of FMLA Paperwork

7. Will the condition cause episodic flare-ups periodically preventing the patient from participating in normal daily activities? \_\_\_ No  ✓  Yes.

Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

Frequency: __1__ times per _____ week(s) __2__ month(s)

Duration: _____ hours or __5-7__ day(s) per episode

Does the patient need care during these flare-ups? \_\_\_ No  ✓  Yes.

Explain the care needed by the patient, and why such care is medically necessary: _Pt will need to care for wife / family during any flare ups or problems_

ADDITIONAL INFORMATION: IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER.

_were as follows_

Signature of Health Care Provider    Date 1/9/18

PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT

If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 20 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210.
**DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT.**

Page 4    Form WH-380-F Revised May 2015



EXHIBIT B

| Certification of Health Care Provider for Family Member's Serious Health Condition (Family and Medical Leave Act) | U.S. Department of Labor Wage and Hour Division |  |
|---|---|---|

DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT.   OMB Control Number: 1235-0003
Expires: 5/31/2018

### SECTION I: For Completion by the EMPLOYER

**INSTRUCTIONS to the EMPLOYER:** The Family and Medical Leave Act (FMLA) provides that an employer may require an employee seeking FMLA protections because of a need for leave to care for a covered family member with a serious health condition to submit a medical certification issued by the health care provider of the covered family member. Please complete Section I before giving this form to your employee. Your response is voluntary. While you are not required to use this form, you may not ask the employee to provide more information than allowed under the FMLA regulations, 29 C.F.R. §§ 825.306-825.308. Employers must generally maintain records and documents relating to medical certifications, recertifications, or medical histories of employees' family members, created for FMLA purposes as confidential medical records in separate files/records from the usual personnel files and in accordance with 29 C.F.R. § 1630.14(c)(1), if the Americans with Disabilities Act applies, and in accordance with 29 C.F.R. § 1635.9, if the Genetic Information Nondiscrimination Act applies.

Employer name and contact: Physicians Immediate Care - Alexandra Kanelos - 224-585-4390 Fax 815-986-4202

### SECTION II: For Completion by the EMPLOYEE

**INSTRUCTIONS to the EMPLOYEE:** Please complete Section II before giving this form to your family member or his/her medical provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave to care for a covered family member with a serious health condition. If requested by your employer, your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. §§ 2613, 2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request. 29 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form to your employer. 29 C.F.R. § 825.305.

Your name: _Scott_ _E_ _Osborne_
         First        Middle       Last

Name of family member for whom you will provide care: _Kimberly_ _M_ _Osborne_
                                                      First     Middle    Last
Relationship of family member to you: _Spouse_ / _Nicolas W. Osborne - son_

If family member is your son or daughter, date of birth: _01/22/12_

Describe care you will provide to your family member and estimate leave needed to provide care:
_Will have to take kids to any and all counseling and doctors appointments_

Employee Signature _____   Date _3/2/18_

Page 1                   CONTINUED ON NEXT PAGE                   Form WH-380-F Revised May 2015

### SECTION III: For Completion by the HEALTH CARE PROVIDER

INSTRUCTIONS to the HEALTH CARE PROVIDER: The employee listed above has requested leave under the FMLA to care for your patient. Answer, fully and completely, all applicable parts below. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the patient needs leave. Do not provide information about genetic tests, as defined in 29 C.F.R. § 1635.3(f), or genetic services, as defined in 29 C.F.R. § 1635.3(e). Page 3 provides space for additional information, should you need it. Please be sure to sign the form on the last page.

Provider's name and business address: __Scott Davis__

Type of practice / Medical specialty: __Family practice__

Telephone ( __815__ ) __786__ - __7150__         Fax:( __815__ ) __786__ - __7153__

### PART A: MEDICAL FACTS

1. Approximate date condition commenced: __2-22-2018__

   Probable duration of condition: __6 - 12 months__

   Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
   __✓__ No ___ Yes. If so, dates of admission: _____

   Date(s) you treated the patient for condition: __was taken into LaSalle County correctional facility__

   Was medication, other than over-the-counter medication, prescribed? __✓__ No ___ Yes.

   Will the patient need to have treatment visits at least twice per year due to the condition? ___ No __✓__ Yes

   Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)?
   __✓__ No ___ Yes. If so, state the nature of such treatments and expected duration of treatment:

   _____

2. Is the medical condition pregnancy? __✓__ No ___ Yes. If so, expected delivery date: _____

3. Describe other relevant medical facts, if any, related to the condition for which the patient needs care (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

   __Scott's son Nicolas had an altercation at school, was taken in custody and sent to juvenile correctional facility. Will need out patient therapy multiple times per week.__

7. Will the condition cause episodic flare-ups periodically preventing the patient from participating in normal daily activities? ✓ No ___ Yes.

Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

Frequency: __1__ times per __1__ week(s) ___ month(s)

Duration: ___ hours or __1__ day(s) per episode

Does the patient need care during these flare-ups? ___ No ✓ Yes.

Explain the care needed by the patient, and why such care is medically necessary:

pt (Scott) will need to take care of son one week. Due to ongoing medical conditions, will also need to transport son to multiple appts for the next 6-12 months.

ADDITIONAL INFORMATION. IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER:

Nothing follows

_____     3/5/18
Signature of Health Care Provider            Date

PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT

If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616, 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 20 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210.
DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT.

Page 4                                                                              Form WH-380-F Revised May 2015